The STATE of Ohio, Appellant,

v.

CHRISTIAN, Appellee.

[Cite as *State v. Christian*, 184 Ohio App.3d 1, 2009-Ohio-4811.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 08 MA 160.

Decided Sept. 10, 2009.

Paul Gains, Mahoning County Prosecuting Attorney, and Ralph Rivera, Assistant Prosecuting Attorney, for appellant.

Lynn Maro, for appellee.

Vukovich, Presiding Judge.

{¶ 1} The state of Ohio appeals the decision of the Mahoning County Common Pleas Court that discharged defendant-appellee, Duniek Christian, after a jury trial. The trial court ruled that there was no longer an existing charging document where the indictment alleged felonious assault, the jury was instructed and provided with verdict forms on both felonious assault and complicity to felonious assault, and the jury acquitted appellant of felonious assault but was unable to decide on complicity to felonious assault.

{¶ 2} Substantively, we are asked to determine the effect of a hung jury on complicity charges. Specifically, we must determine whether there still exists a charging document on which to hold a defendant for retrial on complicity charges after a jury hangs on complicity charges. Jurisdictionally, we must determine whether the trial court's decision qualifies as a dismissal of part of an indictment under the statute giving the state an appeal as of right.

{¶ 3} We conclude that the trial court's decision to discharge the defendant constituted the dismissal of part of the indictment, which the state can appeal as of right. Since complicity is inherent in every indictment and since this jury was instructed on but then deadlocked on the complicity charge, a charging document did still exist. Therefore, the judgment of the trial court is reversed, and this case is remanded for further proceedings on the charge of complicity to commit felonious assault.

## STATEMENT OF THE CASE

{¶ 4} On July 1, 2005, a woman and her young granddaughter were robbed in a church on the east side of Youngstown. The perpetrator fled in the victim's two-door white and burgundy Cadillac. Due to statements the perpetrator made to the victim, the police deduced that they were looking for Jumal Edwards. At the same time, fugitive-task-force officers were looking for Christian, who had an active warrant.

{¶ 5} Christian was spotted driving the stolen Cadillac with three other occupants. An officer activated his overhead lights, and the stolen vehicle started to pull over. Instead of coming to a stop, however, Christian sped away and hit an unmarked police car that was coming toward him. He kept driving, and a chase ensued. The back window of the stolen vehicle exploded when one of the passengers fired through it. Long-barreled assault rifles were fired at the pursuing police cars, which contained a total of seven officers. All three passengers were said to be firing weapons. When the stolen vehicle came to a stop, the occupants ran into the woods under cover fire.

4

{¶ 6} The next day, Christian was arrested in the presence of Jumal Edwards and Craig Franklin, who were both identified by officers as shooters. Christian was indicted on nine counts of felonious assault on a peace officer in violation of R.C. 2903.11(A)(2) for knowingly causing or attempting to cause physical harm to the officers with a deadly weapon. The first seven counts corresponded to each officer who had been fired upon, and each of these counts was accompanied by a firearm specification under R.C. 2941.146(A). Counts eight and nine dealt with the two officers who occupied the unmarked police car into which Christian crashed. Jumal Edwards and another person (who was later released) were indicted in the same indictment as Christian, and Craig Franklin was indicted separately.

{¶ 7} Christian's trial was conducted before a jury. The court instructed the jury on both felonious assault and complicity in committing felonious assault for the first seven counts. Regarding these counts, the jury was provided with four verdict forms per count: (A) felonious assault, (B) a firearm specification, (C) complicity to commit felonious assault, and (D) complicity to commit a firearm specification. Verdict form (A) instructed the jury to proceed to verdict form (C) if the verdict in form (A) was not guilty or if they were "unable to decide on a verdict."

{¶ 8} After four hours of deliberation, the jury advised the court that it was "split" and could not "be swayed." The court asked them to continue deliberating after a recess. After three more hours, the jury returned its verdict. As for the two counts involving felonious assault with a motor vehicle, the jury found appellant not guilty. Regarding the other seven counts, the jury found Christian not guilty in verdict form (A) and left verdict form (B), the accompanying firearm specification, blank as instructed. The jury then signed verdict form (C) dealing with complicity but wrote "unable to decide" in the blank left for "guilty" or "not guilty." The jury then left verdict form (D), the accompanying firearm specification, blank as instructed.

{¶ 9} In an August 7, 2008 judgment entry, the trial court declared a mistrial due to the hung jury on the complicity counts and scheduled a status hearing the next day. At that hearing, the court expressed that there would not be a retrial because there was nothing on paper reflecting any remaining charges. The state argued that complicity was inherent in the indictment. The state also cited a Tenth District case holding that a hung jury on lesser included offenses after acquittal on the indicted offenses does not require an amended or new indictment for retrial and that such a retrial does not violate double jeopardy. *State v. Green* (Sept. 17, 1992), 10th Dist. No. 92AP–447, 1992 WL 229510. The defense tried to distinguish a lesser included offense, as was the case in *Green,* from complicity, arguing that complicity gets its "birth" in the indictment and when the

original charges are acquitted, complicity no longer exists. The court agreed that complicity is distinguishable from a lesser included offense and concluded that there was no proper charging document to allow retrial on complicity.

{¶ 10} In an August 8, 2008 judgment entry, the trial court noted that the hearing was called to clarify the court's opinion concerning the possibility of trial or retrial. The court then stated that Christian was discharged. The court explained that it was maintaining the mistrial on the complicity charges but concluded that because Christian was found not guilty on the charges in the original indictment, there existed no remaining charging document and thus no justification to hold him for trial on complicity. The state immediately filed notice of appeal and then filed its brief in December 2008.

{¶ 11} On March 16, 2009, Christian filed a motion to dismiss the state's appeal. He argued that the state should have sought leave to appeal under R.C. 2945.67 and App.R. 5(C) as there are no grounds for the state to file an appeal as of right under R.C. 2945.67(A).

## MOTION TO DISMISS

{¶ 12} Pursuant to R.C. 2945.67(A), the state "may appeal as a matter of right any decision of a trial court in a criminal case * * * which decision grants a motion to dismiss all or any part of an indictment, complaint, or information."

{¶ 13} In his motion to dismiss the appeal, Christian argues that the trial court did not dismiss the indictment but rather discharged him because he was acquitted of all indicted charges. Christian urges that we should strictly construe R.C. 2945.67(A) and should not construe orders to fit within the statutory categories.

{¶ 14} He cites a case in which the trial court denied a defendant's motion to dismiss but then proceeded to find two new driving-under-the-influence statutes unconstitutional and ordered the state to proceed under the prior law. *State v. Sanders* (Nov. 25, 1994), 2d Dist. No. 94CA48, 1994 WL 698480. The state appealed without seeking leave. The Second District held that the trial court's order could not be construed as a dismissal, noting that the trial court specifically denied the defendant's dismissal motion and trial could still proceed under the prior law.

{¶ 15} As the state points out, that case is distinguishable because the *Sanders* defendant had not been discharged and his indictment was still pending for trial. The state urges that the trial court here dismissed the indictment in part, the part containing the inherent complicity charges that were activated after the court instructed and provided verdict forms on them.

{¶ 16} The jurisdictional issue here is intertwined with one of the merit issues. That is, the state urges that the complicity charges on which the jury hung still existed and Christian should thus have been retried on the original indictment. If we agree, then the trial court's discharge of the defendant constituted the dismissal of part of the indictment, allowing the state to appeal as a matter of right. If the complicity charges did not still exist under the original indictment, then the court's discharge of Christian was not the dismissal of an indictment and could not be appealed without leave of court. Thus, we proceed to address the state's merit arguments.

## ASSIGNMENT OF ERROR

{¶ 17} The state's assignment of error provides:

{¶ 18} "The trial court abused its discretion when it dismissed appellee's indictment after it declared a mistrial following a 'hung jury' on seven (7) counts of complicity to felonious assault, because double jeopardy did not attach when the jury failed to make a determination as to appellee's guilt or innocence."

{¶ 19} The state agrees with the trial court's declaration of a mistrial on the complicity charges because the jury was hung. The state argues that since there is no need to indict on complicity in order to instruct on it, a hung jury on a complicity verdict and an acquittal on the principal verdict does not mean that there is no remaining charging document. The state concludes that retrial on the same indictment would not violate the principles of double jeopardy.

{¶ 20} One of Christian's arguments in response is that there was no hung jury on the complicity verdict. Christian posits that the jury actually acquitted him of complicity because they unanimously agreed that they were "unable to decide" that the state proved complicity beyond a reasonable doubt. This is a misconstruction of the verdict form. The jury did not say that none of them were able to vote that the prosecution proved its case.

{¶ 21} The verdict form gave the jury three choices: guilty, not guilty, or unable to decide on a verdict. Instead of entering the words "not guilty" before the words "of the crime of COMPLICITY TO COMMIT FELONIOUS ASSAULT," the jury entered "unable to decide" or "unable to decide on a verdict." This clearly represents a hung jury, and the trial court found as such. See *Richardson v. United States* (1984), 468 U.S. 317, 323, 104 S.Ct. 3081, 82 L.Ed.2d 242 (inability to agree on a verdict is a hung jury).

{¶ 22} Contrary to Christian's corresponding suggestion, there was nothing for the state to object to regarding the verdict forms as the forms instructed the jury to "insert in ink" the words "guilty" or "not guilty." The parties and the court likely anticipated that if the jury were unable to decide, they would inform the

court orally (as they once did) rather than writing it on the form. However, the jury's act of writing their status as unable to decide is not something the state could have avoided through prior objection.

{¶ 23} Christian responds to the state's double-jeopardy argument by urging that this issue is not ripe for review because the court's entry states that the defendant is discharged due to the lack of a charging document and does not constitute a double-jeopardy dismissal. As Christian points out, the judgment entry discharged him on the basis that there was no existing charging document remaining at the time. The trial court's entry did not make any statement that would bar reindictment, and thus the trial court did not issue a ruling on whether retrial is barred by the doctrine of double jeopardy. In fact, Christian never filed a motion to dismiss on double-jeopardy grounds, which he anticipated might later be filed by new counsel if the state chose to reindict him. Thus, the state's double-jeopardy argument is merely anticipatory of what may transpire in the future.

{¶ 24} This court does not have authority to issue advisory opinions to prevent future disputes. *Tuckosh v. Cummings,* 7th Dist. No. 07HA9, 2008-Ohio-5819, 2008 WL 4838127, ¶ 38. In order for a claim to be ripe for appellate review, the issue must have been raised below and the trial court must have made a ruling on it; otherwise, the appellate decision would be advisory. *Egan v. Natl. Distillers & Chem. Corp.* (1986), 25 Ohio St.3d 176, 177, 25 OBR 243, 495 N.E.2d 904. Because the issue of double jeopardy is not ripe for review, our focus here is whether the state was required to reindict for complicity in order to further proceed against Christian or whether a charging document still existed for purposes of further proceedings in the case.

{¶ 25} As the state pointed out below, the Tenth District once addressed a case where a defendant was indicted on two counts of kidnapping. *State v. Green* (Sept. 17, 1992), 10th Dist. No. 92AP–447, 1992 WL 229510. The jury was instructed accordingly and was also provided with an instruction on the lesser included offense of abduction. The jury acquitted the defendant of kidnapping but was unable to reach a verdict on abduction. The state was permitted to retry the defendant on abduction over the defendant's objection.

{¶ 26} The appellate court first held that where a jury returns a partial verdict of not guilty on the charged offense and deadlocks on a lesser included offense, the defendant may be retried without violating double-jeopardy provisions. Id., citing *United States v. Gooday* (C.A.9, 1983), 714 F.2d 80. In doing so, the court explained that *the retrial on the lesser included offense involved the same indictment* and concluded that where the defendant was only partially acquitted and the jury deadlocked on the lesser included offense, the defendant's jeopardy never terminated as to that offense. Id. The court voiced that *there was no need*

*for the state to amend the original indictment or obtain a second indictment for abduction* because in charging a defendant with kidnapping, the grand jury necessarily indicted him on the lesser included offense of kidnapping. Id., citing *White v. Maxwell* (1963), 174 Ohio St. 186, 188, 22 O.O.2d 140, 187 N.E.2d 878 (lesser included offenses need not be set forth in indictment).

{¶ 27} This 1994 Tenth District case would supersede any contrary statements in the 1993 Tenth District case cited in Christian's brief. *State v. Bunce* (Mar. 2, 1993), 10th Dist. No. 92AP–783, 1993 WL 55186. In any event, Christian takes the *Bunce* court's statements out of context. Although the court did state that the trial court could not treat the indicted offense and complicity as separate charges, the trial court had entered an acquittal on the indicted offense and entered a mistrial on complicity even though the jury there had returned a general guilty verdict after being instructed that it could find the defendant guilty as the principal or as an aider and abettor. Thus, *Bunce* entailed a wholly different situation. In fact, that court urged that jurors should be instructed to clarify which legal theory upon which their verdict is based. Moreover, the statements in *Bunce* are dicta as the court dismissed the appeal because the state was improperly attempting to appeal a final verdict of acquittal entered under Crim.R. 29(C).

{¶ 28} Various other appellate courts have held that a defendant can be retried on a lesser included offense when the jury acquitted him of the indicted offense but hung on the lesser offense. See *State v. Beaver* (1997), 119 Ohio App.3d 385, 389, 396–397, 695 N.E.2d 332 (11th Dist.) (felonious-assault conviction upheld after the trial court ordered retrial in a case where the defendant was acquitted on the indicted offense of murder but the jury was unable to reach a verdict on a lesser included offense); *State v. Sanford* (Dec. 3, 1993), 6th Dist. No. 92WD057, 1993 WL 496595 (state proceeded on hung lesser included offense inherent in original indictment after acquittal of indicted offense); *State v. Walker* (Sept. 23, 1987), 9th Dist. No. 13172, 1987 WL 17921 (continuation of same prosecution is not barred, so partial verdict does not preclude retrial on deadlocked lesser included offenses). In the federal case cited by these courts, the Ninth Circuit explained:

{¶ 29} "Where jury was instructed at first trial that, under indictment's explicit first-degree murder charge, it could also find defendant guilty of one of three lesser included offenses and jury acquitted defendant on first-degree murder charge but could not decide as to lesser offenses, *lesser offenses would be treated as if they had been specified in separate counts of indictment* and thus acquittal on first-degree murder count did not preclude on double jeopardy grounds retrial of defendant on the three lesser included offenses." (Emphasis added.) *Gooday*, 714 F.2d 80.

{¶ 30} Although these cases focus on double-jeopardy issues, which we are not addressing here, they illuminate our conclusion that once an instruction is given, the lesser included offense is activated with the effect that upon a hung jury on such lesser included offense, it is as if the indictment has been amended to include this offense. See *State v. Beach*, 6th Dist. No. L–02–1087, 2004-Ohio-5232, ¶ 53 (where the trial court provided jury with complicity instruction, appellate court alternatively presumed that the trial court issued a Crim.R. 7(D) amendment to the indictment, which can occur before, during or after trial).[1]

{¶ 31} We recognize that complicity is not a lesser or inferior form of the indicted offense. *However, it is necessarily included in an indictment just as a lesser included offense is included.* That is, lesser included or inferior-degree offenses need not be indicted in order to provide jury instructions thereon. See R.C. 2945.74. Likewise, "[a] charge of complicity may be stated in terms of [the complicity statute] or in terms of the principal offense." R.C. 2923.03(F). From this, the Ohio Supreme Court has concluded:

{¶ 32} "Thus, a defendant charged with an offense may be convicted of that offense upon proof that he was complicit in its commission, even though the indictment is 'stated * * * in terms of the principal offense' and does not mention complicity. R.C. 2923.03(F) adequately notifies defendants that the jury may be instructed on complicity, even when the charge is drawn in terms of the principal offense." *State v. Herring* (2002), 94 Ohio St.3d 246, 251, 762 N.E.2d 940.

{¶ 33} Since complicity can be charged in terms of the principal offense and since the jury can find a defendant guilty on either theory if it was instructed as such, an acquittal as to being the principal offender but a hung jury on the complicity charge means that, if retrial is otherwise permissible, the state can proceed on the same indictment and reindictment is not necessary. See R.C. 2923.03(F); *Herring*, 94 Ohio St.3d at 251, 762 N.E.2d 940. Because the court instructed on complicity and because the jury hung on complicity, the indictment still exists and still states charges of complicity. See also *Beach*, 6th Dist. No. L–02–1087, 2004-Ohio-5232, at ¶ 53 (presuming that the trial court issued a Crim.R. 7(D) amendment to the indictment when it instructed on complicity).

---

1. We note that one case finding no double-jeopardy violation for retrial on a lesser included offense for which the jury was unable to reach a verdict was the result of a reindictment. See *State v. Davidson* (June 22, 1983), 1st Dist. Nos. C–820647, C–820677, and C–820678, 1983 WL 8912. Thus, it seems that reindictment is sometimes utilized in such a scenario. However, R.C. 2945.67(A) does not require the dismissal to be with prejudice in order to be appealable by the state. If the original indictment can still be utilized for retrial on the complicity charge on which the jury could not decide, then the state should not be required to reindict simply because it can do so.

{¶ 34} In other words, since a jury can be instructed on the indicted offense and alternatively instructed in terms of complicity notwithstanding the fact that the indictment reads in terms of only the principal offense, the complicity allegation inherent in the indictment and activated into a charge by the jury instructions would still exist under the original indictment when there is a hung jury on the complicity verdict. To hold otherwise is contradictory to the R.C. 2923.03(F) principle that complicity can be charged in terms of the principal offense.

## CONCLUSION

{¶ 35} In conclusion, case law supports the use of the same indictment in cases of lesser included offenses that were not specifically indicted but that were instructed and hung. We cannot conceive a valid reason to distinguish the treatment of lesser included offenses from that of complicity for purposes of retrial. In fact, the argument in the case of complicity seems even more compelling as complicity is equivalent to the principal offense.

{¶ 36} Complicity is presumed in every indictment, and the instruction on such an offense essentially activates the charge, allowing retrial on the same indictment in the case of a hung jury on that complicity charge. Consequently, the trial court erred in discharging the defendant on the belief that there was no proper charging document on which he could stand trial.

■ {¶ 37} Because a charging document still existed, the trial court's decision constituted the dismissal of part of an indictment. This was a decision from which the state could appeal as a matter of right, without seeking leave. Accordingly, we hereby deny Christian's motion to dismiss the appeal, reverse the trial court's order discharging the defendant, and remand for further proceedings.

Judgment accordingly.

DONOFRIO and WAITE, JJ., concur.