[Cite as *State v. Jefferson*, 2013-Ohio-5248.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   99589

## STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

## DAVID JEFFERSON

DEFENDANT-APPELLEE

**JUDGMENT:**
DISMISSED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-526072

**BEFORE:**   Boyle, P.J., E.A. Gallagher, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:**   November 27, 2013

**ATTORNEYS FOR APPELLANT**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   Adam M. Chaloupka
        Gregory Mussman
        T. Allan Regas
Assistant County Prosecutors
Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

**ATTORNEY FOR APPELLEE**

Thomas A. Rein
Leader Building, Suite 940
526 Superior Avenue
Cleveland, Ohio   44114

MARY J. BOYLE, P.J.:

{¶1} Plaintiff-appellant, state of Ohio, appeals from the trial court's judgment granting the motion to discharge filed by defendant-appellee, David Jefferson. The state argues that the trial court erred in granting Jefferson's motion. We must first determine, however, if the state can appeal the trial court's judgment as a matter of right. If not, we have no jurisdiction to address the state's appeal. In determining the answer to this question, we must examine the facts and procedural history of the case.

{¶2} On June 20, 2009, Jefferson shot and killed 21-year-old Trenton Austin in an alley near East 33rd Street and Cedar Avenue in Cleveland, Ohio. Three days later, Jefferson turned himself into police, took responsibility for the killing, and claimed he acted in self-defense.

{¶3} On June 26, 2009, the Cuyahoga County Grand Jury indicted Jefferson on one count of aggravated murder with one- and three-year firearm specifications. Jefferson pleaded not guilty at his arraignment, numerous pretrials followed, and the matter proceeded to trial. The jury was unable to reach a verdict, however, and the trial court declared a mistrial. On July 25, 2011, a new trial commenced.

{¶4} Over Jefferson's objection, the trial court instructed the jury on the inferior-degree offense of voluntary manslaughter. The jury acquitted Jefferson of murder, but found him guilty of voluntary manslaughter and the firearm specifications. The trial court sentenced Jefferson to an aggregate of seven years in prison, four years for

voluntary manslaughter and three years for the firearm specification.

{¶5} Jefferson appealed. This court sustained Jefferson's third assignment of error regarding the trial court charging the jury on the inferior-degree offense of voluntary manslaughter. *State v. Jefferson*, 8th Dist. Cuyahoga No. 97331, 2012-Ohio-2387, *discretionary appeal not allowed*, 133 Ohio St.3d 1423, 2012-Ohio-4902, 976 N.E.2d 914, ¶ 32. We explained that "an instruction on voluntary manslaughter and self-defense is erroneous because the two legal theories are incompatible." *Id.* at ¶ 26, citing *State v. Williamson*, 8th Dist. Cuyahoga No. 95732, 2011-Ohio-4095. We further noted that "[v]oluntary manslaughter requires that the defendant be under the influence of sudden passion or a fit of rage, while self-defense requires the defendant to be in fear for his own personal safety." *Id.*, citing *State v. Harris*, 129 Ohio App.3d 527, 534-535, 718 N.E.2d 488 (10th Dist.1998). We found that:

> the record is devoid of any evidence that Jefferson acted out of sudden passion or rage. Quite the contrary, Jefferson maintained that he feared for his life because [the victim] shocked him with the stun gun. To underscore that he feared for his safety, Jefferson offered the testimony of retired police officer Jim Simone, who testified that an officer's biggest fear when confronted with a stun gun is that the assailant will use the officer's service revolver against him or her.

*Id.* at ¶ 27. We reversed Jefferson's conviction and remanded for a new trial. *Id.* at ¶ 32.

{¶6} Upon remand, Jefferson moved to dismiss his case, but later amended his motion to a motion to discharge. After a hearing on Jefferson's motion, the trial court granted it and discharged the case. The trial court found that because Jefferson was

acquitted of murder, and this court found that the jury should not have been instructed on voluntary manslaughter, there were no pending charges to be tried. The state appealed as of matter of right from this judgment.

Jurisdiction

{¶7} Article IV, Section 3(B)(2), of the Ohio Constitution establishes that courts of appeals "shall have such jurisdiction *as may be provided by law* to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the courts of appeals within the district." (Emphasis added.) The Ohio Supreme Court has interpreted this constitutional provision to mean that "the state has no absolute right of appeal in a criminal matter unless specifically granted such right by statute." *State v. Fisher*, 35 Ohio St.3d 22, 24, 517 N.E.2d 911 (1988).

{¶8} Although R.C. 2505.03 generally provides that every final order or judgment may be reviewed on appeal, R.C. 2945.67(A) specifically governs appeals by the state in criminal proceedings. This statute provides in pertinent part:

> A prosecuting attorney * * * may appeal as a matter of right any decision of a trial court in a criminal case, * * * which decision grants [1.] *a motion to dismiss all or any part of an indictment, complaint, or information*, [2.] a motion to suppress evidence, or [3.] a motion for the return of seized property or [4.] grants post conviction relief * * *, and may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case[.]

(Emphasis added.)

{¶9} The state argues that this case is exactly on point with *State v. Christian*, 184 Ohio App.3d 1, 2009-Ohio-4811, 919 N.E.2d 271 (7th Dist.), *discretionary appeal*

*not allowed*, 124 Ohio St.3d 1492, 2010-Ohio-670, 922 N.E.2d 227. The state maintains that this court should come to the same conclusion as the court in *Christian*, namely, that "the granting of a motion to discharge upon remand [is] the functional equivalent of a partial dismissal of the indictment," and therefore the state can appeal as a matter of right. While we agree with the state that the Seventh District reached that conclusion, we find the facts in *Christian* to be distinguishable from the facts in the present case.

{¶10} In *Christian*, the defendant was charged with felonious assault. The trial court instructed the jury on felonious assault and complicity to commit felonious assault. The jury found Christian not guilty of felonious assault, but "unable to decide" on the complicity count. Subsequently, the trial court in *Christian* discharged the case because "there was nothing on paper reflecting any remaining charges." *Id.* at ¶ 9.

{¶11} The state appealed the trial court's decision to discharge Christian's case. The state argued that "since there is no need to indict on complicity in order to instruct on it, a hung jury on a complicity verdict and an acquittal on the principal verdict does not mean that there is no remaining charging document." *Id.* at ¶ 19.

{¶12} Christian moved to dismiss the appeal, arguing that the state could not appeal the trial court's decision under R.C. 2945.67(A) because the trial court discharged his case due to the fact that he was acquitted of all indicted charges.

{¶13} The Seventh District pointed out that

The jurisdictional issue here is intertwined with * * * the merit issues. That is, the state urges that the hung complicity charges still existed and appellee should thus have been retried on the original indictment. If we agree, then the trial court's discharge of the defendant constituted the

dismissal of part of the indictment, allowing the state to appeal as a matter of right. If the complicity charges did not still exist under the original indictment, then the court's discharge of the defendant was not the dismissal of an indictment and could not be appealed without leave of court. Thus, we proceed to address the state's merit arguments.

*Id.* at ¶ 16.

**{¶14}** The Seventh District ultimately agreed with the state and reversed the trial court's decision to discharge Christian's case, holding that "[b]ecause the [trial] court instructed on complicity and because the jury hung on complicity, the indictment still exists and still states charges of complicity." *Id.* at ¶ 33. The court reasoned that

Since complicity can be charged in terms of the principal offense and since the jury can find a defendant guilty on either theory if it was instructed as such, an acquittal as to being the principal offender but a hung jury on the complicity verdict means that, if retrial is otherwise permissible, the state can proceed on the same indictment and reindictment is not necessary. Because the court instructed on complicity and because the jury hung on complicity, the indictment still exists and still states charges of complicity.

(Citations omitted.) *Id.* at ¶ 33.

**{¶15}** Thus, the Seventh District concluded that

the trial court's decision to discharge the defendant constituted the dismissal of part of the indictment, which the state can appeal as of right. Since complicity is inherent in every indictment and since this jury was instructed on but then deadlocked on complicity, a charging document did still exist.

*Id.* at ¶ 3. The Seventh District reversed the judgment of the trial court and "remanded for further proceedings on complicity to commit felonious assault." *Id.*

**{¶16}** We agree with the Seventh District that the jurisdictional issue is inextricably "intertwined with * * * the merit issues." *Id.* at ¶ 16. In the present case, however, Jefferson was found not guilty of murder and guilty of voluntary manslaughter; the jury was not hung on the voluntary manslaughter charge. Subsequently, on appeal,

this court held that the trial court should not have charged the jury on voluntary manslaughter because "the record [was] devoid of any evidence that Jefferson acted out of sudden passion or rage." *Jefferson*, 8th Dist. Cuyahoga No. 97331, 2012-Ohio-2387, *discretionary appeal not allowed*, 133 Ohio St.3d 1423, 2012-Ohio-4902, 976 N.E.2d 91, at ¶ 7. Not only was there no evidence that Jefferson "acted out of sudden passion or rage," but Jefferson argued — and testified — that he acted in self-defense. We explained that the two legal theories, self-defense and acting out of "sudden passion or rage," are incompatible. *Id.* at ¶ 26. Thus, upon remand, there were no remaining charges against Jefferson. Accordingly, the trial court's discharge in this case was not the functional equivalent of granting a motion to dismiss the indictment or partial indictment. Therefore, the state could not appeal as a matter of right.

**{¶17}** In sum, because the trial court's granting of Jefferson motion to discharge is not one of the matters a state may appeal as of a matter of right, and the state did not seek leave to appeal, this court does not have jurisdiction to address the state's appeal. *See State ex rel. Steffen v. Judges of the Court of Appeals for the First Appellate Dist.*, 126 Ohio St.3d 405, 2010-Ohio-2430, 934 N.E.2d 906 ("[B]ecause the state's appeal in [the] underlying criminal case did not constitute an appeal as a matter of right under R.C. 2945.67(A) and did not comply with the requirements of App.R. 5 so as to qualify as a proper appeal by leave of court, the court of appeals judges patently and unambiguously lack jurisdiction over the state's appeal[.]").

**{¶18}** Accordingly, the state's appeal is dismissed.

It is ordered that appellee recover of appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
MARY EILEEN KILBANE, J., CONCUR