[Cite as *State v. Cunningham*, 2021-Ohio-4053.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2021-P-0049 |
| Plaintiff-Appellee, | |
| - v - | Criminal Appeal from the Court of Common Pleas |
| ERIK A. CUNNINGHAM, | |
| Defendant, | Trial Court No. 2019 CR 00022 |
| PAUL CUNNINGHAM, et al., | |
| Appellants. | |

# M E M O R A N D U M
# O P I N I O N

Decided: November 15, 2021
Judgment: Appeal dismissed

*Victor V. Vigluicci*, Portage County Prosecutor, and *Theresa M. Scahill,* Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Jeff R. Laybourne*, 121 S. Main Street, Suite 210, Akron, OH 44308 (For Appellants).

THOMAS R. WRIGHT, J.

{¶1}     Paul and Nancy Cunningham ("the Cunninghams") appeal the trial court's April 8, 2021 order denying their motion to intervene in the criminal case against their son, Erik A. Cunningham ("Defendant").  The appeal is dismissed.

{¶2}     Defendant, accused of killing his wife, was indicted on charges of murder and felonious assault.  The state of Ohio obtained a search warrant for his parents' cell phones, which were then seized by the police department.  Defendant moved the trial

court to appoint a Special Master to review the contents of his father's phone, in particular, for information protected under the attorney-client privilege and as attorney work product. Defendant asserted that his father is paying for expert witnesses and that his phone contains numerous text messages and emails with defense counsel that discuss experts, potential experts, and other witnesses on his behalf.

{¶3} The trial court denied Defendant's motion for a Special Master. The court concluded that the search warrant was proper and that the state and defense counsel are entitled to all information gathered from the cell phones for the time period prior to defense counsel first filing a notice of appearance in the matter. We dismissed Defendant's appeal from this discovery order for lack of a final, appealable order. *See State v. Cunningham*, 11th Dist. Portage No. 2021-P-0047.

{¶4} Following seizure of their cell phones, the Cunninghams retained counsel and filed a motion to intervene in the criminal matter. The trial court denied the Cunninghams' motion, from which they noticed this appeal. We subsequently requested the parties brief the issue of the order's appealability. The Cunninghams contend the order is immediately appealable under Marsy's Law.

{¶5} "Article I, Section 10a of the Ohio Constitution, a.k.a. 'Marsy's Law,' grants crime victims a right in criminal cases to obtain judicial review of discovery orders that affect their Marsy's Law rights." *State ex rel. Thomas v. McGinty*, 164 Ohio St.3d 167, 2020-Ohio-5452, 172 N.E.3d 824, ¶ 1. A "victim" under this law is defined as "a person against whom the criminal offense or delinquent act is committed or who is directly and proximately harmed by the commission of the offense or act." Section 10a(D). Marsy's Law affords victims of crime many rights, including the right "to refuse * * * [a] discovery

2

request made by the accused or any person acting on behalf of the accused[.]" Section 10a(A)(6).

> The victim, the attorney for the government upon request of the victim, or the victim's other lawful representative, in any proceeding involving the criminal offense or delinquent act against the victim or in which the victim's rights are implicated, may assert the rights enumerated in this section and any other right afforded to the victim by law. *If the relief sought is denied, the victim or the victim's lawful representative may petition the court of appeals for the applicable district, which shall promptly consider and decide the petition.*

(Emphasis added.)  Section 10a(B).

{¶6}    The Supreme Court has concluded that "the undefined term 'petition' in Section 10a(B) is broad enough to encompass an original action *or* appellate review." (Emphasis sic.)  *Thomas* at ¶ 41 (dismissing the victims' petition for writ of prohibition because they had an adequate remedy at law via appeal).  Additionally, the Court noted that "a victim's rights under Section 10a(A)(6) are not absolute.  Section 10a(A)(6) contemplates *trial courts* making decisions about whether a victim's rights under Marsy's Law apply, with the victim having a right to review the trial court's decision in the court of appeals." (Emphasis added.)  *Id.* at ¶ 28.

{¶7}    Defendant and his now deceased wife have two minor children.  The Cunninghams submit to this court that they were awarded legal custody of the children as a result of Defendant's crimes and are, therefore, victims under Marsy's Law.  In the Cunninghams' notice of appeal, they describe the judgment entry being appealed as, "[t]he Trial Court ruled that Paul and Nancy Cunningham, the legal custodians of the Decedent's minor children, were not covered under Marsy's Law."  They argue that the discovery order violates their rights as victims and, therefore, they are entitled to

3

immediate appellate review of the order denying their request to intervene. They offer no other basis, aside from Marsy's Law, in support of the order's appealability.

{¶8} There is little case law interpreting the scope of the definition of "victim" under Marsy's Law, none of which is directly on point with the Cunnginghams' situation. In their motion to intervene, however, the Cunninghams did not request the trial court to decide whether Marsy's Law applies to them or whether a victim's right was implicated in the discovery order pertaining to their cell phones. Instead, they requested leave to intervene as nonparty witnesses to seek protection from the state's intrusion into their privacy interests and privileged communications. Accordingly, the state did not have the opportunity to respond regarding the applicability of Marsy's Law. And, contrary to the Cunninghams' representation to this court, the trial court did not rule that they were not covered under Marsy's Law. The trial court ruled that the Cunninghams "are not parties to this action" and, as such, not permitted to intervene to assert privilege and to participate in Special Master review of their property.

{¶9} "In order for a claim to be ripe for appellate review, the issue must have been raised below and the trial court must have made a ruling on it; otherwise, the appellate decision would be advisory." *State v. Christian*, 184 Ohio App.3d 1, 2009-Ohio-4811, 919 N.E.2d 271, ¶ 24 (7th Dist.), citing *Egan v. Natl. Distillers & Chem. Corp.*, 25 Ohio St.3d 176, 177, 495 N.E.2d 904 (1986); *see also Fortner v. Thomas*, 22 Ohio St.2d 13, 14, 257 N.E.2d 371 (1970) ("It has become settled judicial responsibility for courts to refrain from giving opinions on abstract propositions and to avoid the imposition by judgment of premature declarations or advice upon potential controversies."). "Further, a controversy must be ripe for review in order to be justiciable." *State v. Tingler*, 6th Dist.

4

Erie No. E-16-026, 2016-Ohio-7119, ¶ 7, citing *State v. Booker,* 10th Dist. Franklin No. 15AP-42, 2015-Ohio-5118, ¶ 21.

{¶10} Because the trial court's order denying the Cunningham's motion neither considered nor ruled on the applicability of Marsy's Law, the issue pertaining to victim rights under Marsy's Law raised for the first time on appeal is not a justiciable issue. Any opinion this court might express on the issue would be purely advisory. Thus, assuming—without deciding—that the Cunninghams are victims, the issue of whether the discovery order implicated their rights as victims is not ripe for appellate review. We therefore lack jurisdiction over the appeal. *See State ex rel. Elyria Foundry Co. v. Indus. Comm.*, 82 Ohio St.3d 88, 89, 694 N.E.2d 459 (1998) ("'the prerequisite of ripeness is a limitation on jurisdiction'").

{¶11} Appeal dismissed.

MARY JANE TRAPP, P.J.,

MATT LYNCH, J.,

concur.

5

Case No. 2021-P-0049