974 F.2d 1339
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Johnny USELTON, Defendant-Appellant.
 No. 91-6020.
 United States Court of Appeals, Sixth Circuit.
 Aug. 21, 1992.
 
 Before JONES and NELSON, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant, Johnny Uselton, appeals the district court's order finding no double jeopardy violation in the United States' prosecution of his case. We agree with the court below that no violation occurred, and for the reasons that follow, we affirm.
 
 
 2
 * Uselton's case is before this court for the second time. See United States v. Uselton (Uselton I), 927 F.2d 905 (6th Cir.1991). The facts, as found by the district court below, are as follows:
 
 
 3
 Defendant was the Sheriff of Marion County, Tennessee. The original indictment against him contained five counts. Count One charged that he was part of a conspiracy to violate the Hobbs Act, 18 U.S.C. § 1951. The conspiracy count alleged that between November 1988 and July 1989, defendant conspired with known and unknown persons to obtain for his personal use money from Ealion "B.B." Lance and an undercover agent of the Federal Bureau of Investigation ("FBI") in exchange for allowing illegal cockfighting operations in Marion County.
 
 
 4
 The conspiracy count listed eighteen overt acts alleged to have been committed in furtherance of the conspiracy. Ten of these overt acts concerned dates on which defendant was alleged to have received payments. The eight remaining overt acts involved the defendant's leasing of the cockfighting area, a meeting with Lance in which defendant demanded money, and several telephone conversations during which defendant arranged payoff times and meetings.
 
 
 5
 Counts Two through Five of the original indictment alleged that defendant attempted to commit extortion in violation of 18 U.S.C. §§ 2 and 1951. These four substantive counts involving attempts to violate the Hobbs Act alleged that defendant received money from an undercover FBI agent on four specific dates. Each of these substantive counts alleges an act identical to one of the overt money-receiving acts listed in support of the conspiracy in Count One. Uselton [I ], 927 F.2d at 906 n. 2.
 
 
 6
 During the trial on the charges in the original indictment, defendant testified and admitted that he had received money on nine of the ten occasions alleged as overt acts in the conspiracy count which also included all four occasions alleged in Counts Two through Five on the offenses of attempt. He further contended that he was only pretending to be corrupt and he took receipt of the money as part of his own undercover police investigation. The jury returned a verdict of not guilty on Count One and defendant was acquitted on the charge of conspiracy. The jury could not agree on a verdict on the attempt offenses and this Court declared a mistrial as to Counts Two through Five.
 
 
 7
 The Grand Jury subsequently returned a ten-count superseding indictment ... and a second trial was scheduled. Counts One through Four of the superseding indictment reiterated the charges contained in Counts Two through Five of the original indictment alleging attempts to violate the Hobbs Act. Counts Five through Ten of the superseding indictment also charged substantive violations of the Hobbs Act involving extortion or attempted extortion based on money that defendant received from Lance. Furthermore, Counts Five through Ten of the superseding indictment each charged the commission of an act which corresponded to an overt act previously identified in the conspiracy count of the original indictment on which defendant had been acquitted. The second jury trial resulted in defendant being found guilty and convicted on all ten counts.
 
 
 8
 Defendant appealed the judgment of conviction. While the appeal was pending before the Sixth Circuit, the Supreme Court issued its opinion in Grady [v. Corbin, 110 S.Ct. 2084 (1990) ]. Defendant, relying on Grady, raised the argument on appeal that his constitutional right against double jeopardy had been violated by the second trial on the substantive offenses charged in the superseding indictment because they were predicated on the same overt acts alleged in the conspiracy count in the original indictment on which he was acquitted at the first trial.
 
 
 9
 J.A. at 126-28.
 
 
 10
 In Uselton I, a panel of this court affirmed the district court's ruling that collateral estoppel did not preclude the United States from trying Uselton the second time, but remanded the case "for further consideration and determination by the district court of the double jeopardy [issue] raised in light of Grady v. Corbin." Uselton I, 927 F.2d at 909. After consideration of the parties' memoranda on the issue, the district court found that the defendant's conviction was valid even in light of Grady. From this decision, defendant brings his second appeal to this court.
 
 II
 
 11
 "We review de novo a district court's denial of a motion to dismiss on double jeopardy grounds." United States v. Cameron, 953 F.2d 240, 243 (6th Cir.1992). The district court relied on Grady in holding that the United States had not violated Uselton's constitutional right not to be subjected to double jeopardy.
 
 
 12
 Under Grady, "[t]he critical inquiry is what conduct the State will prove, not the evidence the State will use to prove that conduct." Grady v. Corbin, 110 S.Ct. 2084, 2093 (1990). The Court explained that "the Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted." Id. The defendant in Grady killed one person and injured another in an accident he caused while driving under the influence of alcohol. Id. at 2087-88. Corbin was first prosecuted in traffic court for drunk driving and crossing the median. The State subsequently prosecuted him for homicide, which required the State to prove, inter alia, that the defendant had been driving while intoxicated and had crossed the median on the highway. The Court held on these facts that the second prosecution was a successive prosecution on the same offenses in violation of the Constitution. Id. at 2094. It noted, however, that had the charges for traffic violations and the homicide charge been brought in the same proceeding, there would have been no violation. Id. at 2095.
 
 
 13
 As the district court correctly pointed out, a preliminary question must be answered before applying the Grady analysis: Grady does not apply unless the defendant can show successive prosecutions. United States v. Ortiz-Alarcon, 917 F.2d 651, 654 (1st Cir.1990), cert. denied, 111 S.Ct. 2035 (1991); see United States v. Sammons, 918 F.2d 592, 604 n. 21 (6th Cir.1990). This distinguishes Grady from the test developed by the Supreme Court in Blockburger v. United States, 284 U.S. 299 (1932), which determines whether "multiple punishments imposed in a single prosecution" were violative of the Double Jeopardy Clause. Grady, 110 S.Ct. at 2090-91 (emphasis added). The Grady test was developed, instead, for use in cases involving a subsequent prosecution. See id. at 2093-94.
 
 
 14
 In Uselton I, we questioned whether Uselton's case might not be of the type properly analyzed under Grady. After considering this point, the district court indeed declined to redefine "successive prosecution" to include the situation found in the case at bar, where a prosecution results in a conviction or acquittal on one of two or more counts, and a hung jury as to the remaining count or counts. We agree with the district court that Uselton was not subjected to a successive prosecution, but rather underwent a continuing prosecution in the second trial. As we noted in United States v. Benton, 852 F.2d 1456 (6th Cir.1988), cert. denied, 488 U.S. 993 (1988), the Supreme Court's decision in Richardson v. United States, 468 U.S. 317 (1984) precludes a defendant from arguing "that the government may not prosecute a defendant under a superseding indictment returned after a hung jury." Benton, 852 F.2d at 1462. In Richardson, the Court held that a double jeopardy claim is viable only where some event, such as an acquittal, has terminated the original jeopardy. 468 U.S. at 325. "[A] trial court's declaration of a mistrial following a hung jury is not an event that terminates the original jeopardy" to which a defendant was subjected. Richardson, 468 U.S. at 326. Nothing in the Richardson or Benton analysis encourages us to find that a different result would obtain in a case where the mistrial was declared as to some, but not all, of the counts in the original indictment. If a defendant is neither convicted nor acquitted of certain counts at trial, then the original jeopardy, as to those counts, has not been terminated. Thus, this case should be analyzed for a violation of the Double Jeopardy Clause under the test announced in Blockburger, not the Grady standard.
 
 
 15
 Applying Blockburger to the facts of this case, we find that Uselton has clearly not been subjected to a double jeopardy violation. The Blockburger test asks whether each statutory provision under which the defendant is being charged requires proof of an additional fact which the other does not. 284 U.S. at 304. If so, then no Blockburger double jeopardy violation has occurred, because the subsequent prosecution is for a substantively different offense. Grady, 110 S.Ct. at 2092. Uselton was acquitted in his first trial of conspiracy to violate the Hobbs Act. The remaining counts of the original indictment, as well as those added in the superseding indictment, charged him with overt acts of that conspiracy, each of which constituted an attempt to violate the Hobbs Act.[1] As the district court notes, "conspiracy to commit a particular crime is generally a distinct offense from the commission of that substantive crime for purposes of double jeopardy, even if the commission of the crime is listed as an overt act in the conspiracy charge." J.A. at 135 (citing United States v. Frazier, 880 F.2d 878, 884 (6th Cir.1989), cert. denied, 493 U.S. 1083 (1990); United States v. McCullah, 745 F.2d 350, 355 (6th Cir.1984)). In most cases, proof of all the essential elements of a conspiracy count will not require proof of the conduct upon which any substantive counts might be based. See, e.g., United States v. Easley, 942 F.2d 405, 411 (6th Cir.1991). Thus, Uselton was not subjected to double jeopardy, because the counts upon which he was tried in the second trial were for substantive attempts to violate the Hobbs Act, which are distinct from the conspiracy charge for which he was acquitted in the first trial.
 
 
 16
 We recognize that the district court nevertheless considered Uselton's case under Grady, assuming, arguendo, that the application was proper. The district court did not need to reach Grady in the case at bar, nor do we; however, we believe it important to note that since the ruling below, the Supreme Court has issued a decision in United States v. Felix, 112 S.Ct. 1377 (1992), under which the district court's ruling, if not the entirety of its reasoning, would have been correct, even if Grady had been applicable to Uselton's case. In Felix, the Court clarifies its holding in Grady, to resolve disagreement among the circuits as to Grady 's application. Compare United States v. Evans, 951 F.2d 729, 737 (6th Cir.1991) (noting that Grady stands for the proposition that "[w]hat is forbidden is the establishment of essential elements of the offense charged in the later prosecution by evidence of the conduct for which the defendant was convicted in the earlier prosecution," not that all conduct in evidence in the earlier trial is precluded in the later), cert. denied, 112 S.Ct. 1966 (1992) and United States v. Rivera-Feliciano, 930 F.2d 951, 954-55 (1st Cir.1991) (holding, in a true successive-prosecution case, that the conduct proved in the first trial--heroin distribution--required different proof than the conduct proved in the second trial--conspiracy to distribute; in the former, the government must prove actual possession and distribution, but in the latter, merely that an agreement to distribute was reached between the defendant and some other parties), cert. denied, 112 S.Ct. 1676 (1992) and United States v. Clark, 928 F.2d 639, 641 (4th Cir.1991) (holding that proving a drug conspiracy does not require that an overt act be alleged or proved) and United States v. Calderone, 917 F.2d 717, 724 (2d Cir.1990) (Newman, J., concurring) ("I think it more likely that the Supreme Court expected Grady to apply only when the conduct prosecuted at the first trial is or may constitute the entirety of an element of the offense at the second trial."). vacated 112 S.Ct. 1657 (1992) with United States v. Felix, 926 F.2d 1522, 1531 (10th Cir.1991) (holding that, where the defendant had been tried in successive prosecutions upon essentially the same conduct, the situation constituted a violation of the Double Jeopardy Clause under Grady ), rev'd, 112 S.Ct. 1377 (1992).
 
 
 17
 The Court held in Grady that "[t]he critical inquiry is what conduct the State will prove, not the evidence the State will use to prove that conduct." Grady, 110 S.Ct. 2093 (emphasis added). The Felix Court decided, however, not to perpetuate the confusion that has followed the distinction between the "same conduct" and the "same evidence." Instead, the Court, holding simply that it would adhere to its decisions in United States v. Bayer, 331 U.S. 532 (1947) and Pinkerton v. United States, 328 U.S. 640 (1946), stated that the "conspiracy to commit an offense and the offense itself" constitute "separate offenses for double jeopardy purposes." Felix, 112 S.Ct. at 1385. Thus, in Felix, the defendant's rights were not violated by a prosecution for conspiracy to manufacture, possess, and distribute methamphetamine which followed a prosecution and conviction for attempt to manufacture methamphetamine. Had the case at bar involved a subsequent, rather than a continuing, prosecution, Grady and Felix would have applied to produce the result reached by the district court.
 
 III
 
 18
 We AFFIRM the decision of the district court on the ground that no double jeopardy violation occurred.
 
 
 19
 DAVID A. NELSON, Circuit Judge, concurring in the judgment.
 
 
 20
 Without meaning to suggest that I disagree, necessarily, with any part of the court's opinion, I write separately to say that because the rationale of United States v. Felix, 112 S.Ct. 1377 (1992), would so clearly require affirmance even under the analysis that the appellant urged us to adopt, I would affirm on the strength of Felix.
 
 
 
 [1]
 The overt acts were attempts, rather than violations, simply because the transactions took place with an undercover FBI agent. Thus, the money was not actually "extorted," because the agent was not really a person who wanted to gain something for the money Uselton received from him