RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 14a0004p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

DUNIEK A. CHRISTIAN,

　　　　　　　*Petitioner-Appellant,*

　　　*v.*

No. 12-3718

RANDELL L. WELLINGTON, Warden; JAMES
C. EVANS,

　　　　　　　*Respondents-Appellees.*

Appeal from the United States District Court
for the Northern District of Ohio at Youngstown.
No. 4:11-cv-02421—Jack Zouhary, District Judge.

Decided and Filed: January 7, 2014

Before: MOORE and GRIFFIN, Circuit Judges; KORMAN, District Judge.[*]

_____

## COUNSEL

**ON BRIEF:** David L. Engler, Youngstown, Ohio, for Appellant. Gina D. Bricker, MAHONING COUNTY PROSECUTOR'S OFFICE, Youngstown, Ohio, for Appellee.

_____

## OPINION

_____

KAREN NELSON MOORE, Circuit Judge. No person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. Am. V. The question in this case is whether the Ohio crimes of felonious assault and complicity to felonious assault are indeed the same offense. Duniek A. Christian brings this petition for a writ of habeas corpus from pretrial custody claiming a violation of the Double

---

[*]The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

Jeopardy Clause of the Fifth Amendment.[1]  Christian's claim stems from his state criminal prosecution for driving a car from which passengers shot at pursuing police officers.  Christian's first trial ended in verdicts of not guilty on nine counts of felonious assault and in a hung jury on the remaining seven counts of complicity to felonious assault.  Because complicity to felonious assault and felonious assault are not the same crime and because no ultimate fact necessary for his conviction of complicity to felonious assault was determined by the jury at his first trial, we **AFFIRM** the judgment of the district court that Christian's retrial for complicity will not violate the Double Jeopardy Clause.

## I.  BACKGROUND

### A.  Factual Background[2]

In July 2005, police in Youngstown, Ohio, attempted to pull over a stolen Cadillac believed to be involved in an earlier robbery.  The Cadillac ignored the officers' signal to pull over and attempted to flee.  As the Cadillac began to flee, it hit an unmarked police car that had its lights on as it drove toward the Cadillac.  That police car contained two officers.  As the pursuit continued, passengers in the Cadillac shot long rifles at the pursuing police cruisers which contained a total of seven other officers.  Christian was the driver of the Cadillac.

After his arrest, Christian was charged with nine counts of felonious assault—two counts charged him with felonious assault against the two officers in the unmarked police car that he struck when driving, while the seven other counts charged him with felonious assault committed against the seven officers who were fired on during the pursuit.  At the conclusion of Christian's trial, the trial judge instructed the

---

[1]The district court construed Christian's 28 U.S.C. § 2254 petition as a petition for a writ of habeas corpus under 28 U.S.C. § 2241 because he was in pretrial custody rather than being detained after a criminal conviction. *Christian v. Wellington*, No. 4:11 CV 2421, 2012 WL 1658307, at *2 (N.D. Ohio May 11, 2012).  For the same reason, we treat this appeal as an appeal of a denial of a § 2241 petition for a writ of habeas corpus.

[2]The relevant facts are taken from *State v. Christian*, 919 N.E.2d 271, 273–74 (Oh. Ct. App. 2009), and *Christian v. Wellington*, No. 4:11-cv-2421, 2012 WL 1252953, at *1–4 (N.D. Ohio Mar. 16, 2012) (Magistrate Judge's Report & Recommendation).

jury both on felonious assault for all nine counts and on seven counts of complicity to felonious assault—mirroring the seven counts of felonious assault in which the car passengers, not Christian, were shooting at the pursuing police cruisers. The jury returned a verdict of not guilty on the nine counts of felonious assault but could not reach a verdict on the complicity charges.[3]

## B. Procedural Posture

The State seeks to retry Christian on the seven complicity counts on which the first jury was unable to decide.[4] To prevent his prosecution, Christian filed this habeas petition in the United States District Court for the Northern District of Ohio claiming a violation of the Double Jeopardy Clause. Christian presents two arguments regarding how his current prosecution violates his Fifth Amendment rights. First, he claims that felonious assault, the criminal charge of which he was acquitted, is the same offense as aiding and abetting felonious assault. Therefore, he argues, a prosecution for complicity to felonious assault under an aiding and abetting theory would violate his right not to be put in jeopardy twice for the same offense. Second, he contends that the first jury, by finding him not guilty of felonious assault, must have ruled on an ultimate fact necessary for his conviction of complicity to felonious assault. Thus, he asserts that collateral estoppel prevents his retrial on complicity to felonious assault.

The district court denied Christian's petition on May 11, 2012. *Christian*, 2012 WL 1658307. The district court concluded that felonious assault and complicity to felonious assault each required proof of a fact which the other does not and are thus not the "same offense." *Id.* at *3. The district court rejected the collateral estoppel argument also, reasoning that Christian failed to prove that a fact necessary to his

---

[3]The prosecution argued and the trial court instructed on a theory that, by driving away from the police, Christian aided and abetted the passengers who shot at the seven pursuing officers. Christian's defense argued that he was an unwitting driver who did not know he was in a stolen vehicle and that, when the police attempted to pull the car over, he was threatened with a firearm and told to drive. *See Christian*, 2012 WL 1658307, at *3–4.

[4]Christian's retrial was continued by the state court on November 4, 2013. *See* Docket, *Ohio v. Christian*, 2005 CR 00671. A new jury trial date has been set for April 7, 2014. *See id.*

conviction for complicity to felonious assault was necessarily decided against the government by the jury finding him not guilty of felonious assault. *Id.* at \*4.

Christian filed his Notice of Appeal on June 8, 2012. After failing to secure a Certificate of Appealability ("COA") from the district court, Christian sought a COA from this Court. The COA was granted on February 14, 2013, by a single judge of this court.[5]

## C. Jurisdiction

Christian's detention does not arise out of a state-court conviction or judgment. He is being held pending trial. In rare instances, a pretrial detainee may petition for habeas relief, but such claims are extraordinary. A claim of double jeopardy is one such claim because it is not only a defense against being punished twice for the same offense, but also a defense against being subjected to a second trial—a right we cannot vindicate after a trial is complete, no matter the outcome. *See Abney v. United States*, 431 U.S. 651, 660 (1977) ("[T]he rights conferred on a criminal accused by the Double Jeopardy Clause would be significantly undermined if appellate review of double jeopardy claims were postponed until after conviction and sentence."). To facilitate such review, "[w]e have long recognized that pretrial detainees pursue habeas relief instead under § 2241" rather than under § 2254. *Phillips v. Ct. C.P., Hamilton Cnty., Ohio*, 668 F.3d 804, 809 (6th Cir. 2012); *see also Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 503 (1973) (Rehnquist, J., dissenting) (noting that § 2241 "empowers district courts to issue the writ, *inter alia*, before a judgment is rendered in a criminal proceeding"). Consequently, Christian's petition for habeas corpus is properly classified as one under § 2241.

The district court had jurisdiction pursuant to 28 U.S.C. § 2241 because Christian was in state custody allegedly in violation of the Fifth Amendment of the U.S.

---

[5]This circuit has not determined whether a COA is required to appeal a denial of a § 2241 petition where the petitioner is challenging state pretrial detention. *Cf. Greene v. Tenn. Dep't of Corr.*, 265 F.3d 369, 372 (6th Cir. 2001) (applying COA requirements when "a state prisoner has been convicted in state court, is thereby incarcerated, and then files a § 2241 petition complaining about the condition or circumstances of that incarceration"); *Hoffler v. Bezio*, 726 F.3d 144, 152–154 (2d Cir. 2013) (concluding that a COA is required); *Wilson v. Belleque*, 554 F.3d 816, 824–825 (9th Cir. 2009) (same); *Stringer v. Williams*, 161 F.3d 259, 261–62 (5th Cir. 1998) (same). However, we need not decide the question, because a COA was granted in this case.

Constitution. We have jurisdiction pursuant to 28 U.S.C. § 1291 over Christian's appeal from the final judgment of the district court denying his habeas petition. Christian has obtained a COA.

## II. ANALYSIS

### A. Standard of Review

We review de novo a district court's denial of a § 2241 habeas petition. *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006). We recently held in *Phillips* that "habeas petitions governed by § 2241 are not subject to the heightened standards contained in § 2254(d)." 668 F.3d at 810 (observing that "[t]he First, Fifth, Ninth, and Tenth Circuits have concluded that the deference that § 2254(d) requires never applies to habeas petitions brought by pretrial detainees under § 2241, and no circuit to our knowledge has held otherwise"). We relied on the thoughtful analysis of the Fifth Circuit in *Martinez v. Caldwell*, 644 F.3d 238 (5th Cir. 2011), which noted that, "[t]he deferential standard afforded to state court decisions, which is specifically articulated in § 2254, is not included in the text of § 2241." *Id.* at 242. Therefore, "we must conduct a de novo review of the state court proceedings." *Phillips*, 668 F.3d at 810.

#### 1. *Blockburger* Test

In *Blockburger v. United States*, 284 U.S. 299 (1932), the Supreme Court stated the test to be applied to determine whether a defendant faces double jeopardy: "[t]he applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Id.* at 304. We must determine whether complicity to felonious assault and felonious assault are indeed the same offense under Ohio law or whether each requires proof of an element which the other does not.[6] *See id.* "[T]he *Blockburger* test focuses

---

[6]We are presented with a unique set of circumstances in this case. Christian was indicted on nine counts of felonious assault. The jury was instructed on these nine counts of felonious assault as well as seven counts of complicity to felonious assault. These latter seven counts were based on an aiding-and-abetting theory—that Christian aided and abetted those who shot at pursuing police officers by driving.

on the proof necessary to prove the statutory elements of each offense, rather than on the actual evidence to be presented at trial." *Illinois v. Vitale*, 447 U.S. 410, 416 (1980).

To prove felonious assault under Ohio law, the prosecution must show that the defendant (1) knowingly (2) caused or attempted to cause (3) physical harm to another (4) by means of a deadly weapon. Ohio Revised Code § 2903.11(A). Complicity, under Ohio law, while requiring the same culpability—knowing action—prohibits "(1) Solicit[ing] or procur[ing] another to commit the offense; (2) Aid[ing] or abett[ing] another in committing the offense; (3) Conspir[ing] with another to commit the offense . . . [or] (4) Caus[ing] an innocent or irresponsible person to commit the offense." Ohio Revised Code § 2923.03(A). Thus, while felonious assault criminalizes one's own harmful acts, complicity is focused on rooting out acts such as soliciting someone else, aiding and abetting someone else, conspiring with someone else, or causing an innocent person to harm the victim.

The elements of soliciting another person, aiding or abetting another person, conspiring with another person, or causing an innocent person to commit the principal offense are required for a conviction of complicity to felonious assault. They are not an element of felonious assault. Therefore, complicity to felonious assault requires proof of an element which is not required for conviction of felonious assault.

Similarly, a conviction for felonious assault requires proof that an individual caused or attempted to cause physical harm to a victim. Complicity to felonious assault does not require proof of this element. Rather, an individual can simply aid and abet another who himself is committing felonious assault. Thus, felonious assault also requires proof of an element which is not required for conviction of complicity to felonious assault or aiding and abetting a felonious assault.

---

Christian was found not guilty of felonious assault and is now scheduled to be retried on complicity to felonious assault. This latter prosecution is, however, not a successive prosecution for purposes of determining double jeopardy because the hung jury meant that the original jeopardy, as to complicity to felonious assault, did not terminate. *See Richardson v. United States*, 468 U.S. 317, 326 (1984) (stating that "jeopardy does not terminate when the jury is discharged because it is unable to agree"); *see also United States v. Uselton*, 974 F.2d 1339, 1992 WL 204351, at *3 (6th Cir. 1992) (unpublished table decision) (applying *Richardson*). Therefore, this case requires the application of the *Blockburger* test to determine whether complicity to felonious assault and felonious assault are the same offense.

Under *Blockburger*, therefore, felonious assault and complicity to felonious assault are not the same offense.

**2. Collateral Estoppel**

Christian's second argument, relying on *Ashe v. Swenson*, 397 U.S. 436 (1970), is that his upcoming prosecution will require the relitigation of an ultimate factual issue already decided by the jury's finding that he was not guilty of felonious assault at the end of his earlier prosecution. *See id.* at 443 (defining collateral estoppel as "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit" and making clear that collateral estoppel applies in criminal cases). "It is clear that the burden is on [the defendant] to prove by convincing and competent evidence that the fact sought to be foreclosed was necessarily determined by the jury against the government in the prior trial." *United States v. Benton*, 852 F.2d 1456, 1466 (6th Cir. 1988). Ultimately, this argument fails for the same reason as Christian's first—the jury could have determined that the government has not proven an element of felonious assault that is not necessary to prove complicity to felonious assault.

In *Ashe v. Swenson*, a defendant was prosecuted twice for robbing two different participants in a poker game. *Id.*, 397 U.S. at 438–40. The only factual issue in dispute at both trials was whether the defendant was one of the robbers. *Id.* at 445. The Supreme Court held that collateral estoppel is part of the constitutional guarantee against double jeopardy. *Id.* In applying the rule, courts must determine "'whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.'" *Id.* at 444 (quoting Daniel K. Mayers and Fletcher L. Yarbrough, Bis Vexari: *New Trials and Successive Prosecutions*, 74 HARV. L. REV. 1, 38–39 (1960)). If any issue of fact that must have been adjudicated against the government by the first jury has to be proven in the second prosecution, then the Fifth Amendment prohibits the entire second prosecution. *Benton*, 852 F.2d at 1466.

In this case, the jury could have, and likely did, premise its verdict of not guilty of felonious assault on the lack of testimony that Christian shot at pursuing officers.

Thus, the jury likely found that Christian did not *himself* attempt to cause harm to the police officers by means of a deadly weapon. *See* Ohio Revised Code § 2903.11(A). It is, however, not necessary to show that Christian shot at pursuing officers to prove his complicity to felonious assault. In fact, the prosecution premised its argument that Christian is guilty of aiding and abetting the other shooters on Christian's act of driving the car. Thus, no ultimate issue of fact has necessarily been decided against the government such that collateral estoppel prevents Christian's retrial on complicity to felonious assault.

### III. CONCLUSION

Under a *Blockburger* analysis, we hold that felonious assault and complicity to felonious assault are not the same offense under Ohio law. Furthermore, the jury's verdict of not guilty in Christian's first trial on felonious assault did not necessarily determine any ultimate issue necessary to proving that he is guilty of complicity to felonious assault. Consequently, Christian's upcoming prosecution on the charge of complicity to felonious assault, on which the first jury hung, does not subject him to double jeopardy. We **AFFIRM** the district court's denial of the § 2241 petition.