[Cite as *State v. Baker*, 2019-Ohio-2722.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

NAHDIA S. BAKER,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 18 MA 0027**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2013 CR 380 (E)

**BEFORE:**
Cheryl L. Waite, Gene Donofrio, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Paul J. Gains*, Mahoning County Prosecutor and *Atty. Ralph M. Rivera*, Assistant Prosecuting Attorney, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee

*Atty. Walter T. Madison*, The Malone Building, Suite 201, 209 S. Main Street, Akron, Ohio 44308, for Defendant-Appellant.

Dated: June 28, 2019

---

**WAITE, P.J.**

**{¶1}** Appellant Nahdia S. Baker appeals a February 9, 2018 Mahoning County Court of Common Pleas judgment entry denying her motion to dismiss criminal charges based on double jeopardy and issue preclusion arguments. Appellant argues that since the jury acquitted her of all charges as the principal offender, the state cannot retry her on the same charges under a complicity theory. For the reasons that follow, Appellant's arguments are without merit and the judgment of the trial court is affirmed.

Factual and Procedural History

**{¶1}** On May 21, 2015, Appellant was indicted on: one count of aggravated arson, a felony of the second degree in violation of R.C. 2902.02(A)(2), (B)(1)(3); one count of arson, a felony of the fourth degree in violation of R.C. 2909.03(A)(1), (B)(1)(2)(b); two counts of discharging a firearm at or into a habitation, a felony of the second degree in violation of R.C. 2923.161(A)(1), (C); three counts of attempted murder, a felony of the first degree in violation of R.C. 2923.02(A) and R.C. 2903.02(A), (D); three counts of felonious assault, a felony of the second degree in violation of R.C. 2903.11(A)(2), (D); and engaging in a pattern of corrupt activity, a felony of the first degree in violation of R.C. 2923.32(A)(1), (B).

**{¶2}** The charges arose from crimes that occurred in furtherance of a drug distribution organization. Appellant was indicted along with her codefendants: DeWaylyn Colvin, Michael L. Austin, Jr., Hakeem D. Henderson, Vincent D. Moorer, and Melvin E. Johnson. Colvin pleaded guilty and did not appeal his convictions. We upheld the convictions of Austin, Henderson, Moorer, and Johnson. See *State v. Austin,* 7th Dist. Mahoning No. 16 MA 0068, 2019-Ohio-1185; *State v. Henderson,* 2018-Ohio-5124, -- N.E.3d -- (7th Dist.); *State v. Moorer,* 7th Dist. Mahoning No. 17 MA 0054, 2019-Ohio-

1090; *State v. Johnson,* 7th Dist. Mahoning No. 17 MA 0050, 2019-Ohio-1089. Appellant's trial was severed from her codefendants' trials.

{¶3}   On October 2, 2017, Appellant's jury trial commenced.  On October 12, 2017, Appellant was found not guilty of:  aggravated arson, complicity to commit aggravated arson, arson, two counts of discharging a firearm at or into habitation, three counts of attempted murder, two counts of complicity to commit attempted murder, three counts of felonious assault, and two counts of complicity to commit felonious assault.

{¶4}   The jury could not reach a verdict on:  complicity to commit arson, two counts of complicity to improperly discharge a firearm at or into a habitation, two counts of discharging a firearm at or into habitation, complicity to commit attempted murder, complicity to commit felonious assault, and engaging in a pattern of corrupt activity.  The trial court deemed a mistrial as to these charges.

{¶5}   The state refiled the latter charges, on which the court had granted mistrial. Appellant filed multiple motions to dismiss these charges.  The trial court most recently denied Appellant's February 9, 2018 motion to dismiss.  It is from this judgment entry that Appellant timely appeals.

<u>ASSIGNMENT OF ERROR</u>

THE TRIAL COURT ERRED WHEN IT DID NOT FIND THAT THE ISSUE PRECLUSION COMPONENT OF THE DOUBLE JEOPARDY CLAUSE BARRED A SECOND CONTEST OF AN ISSUE OF FACT OR LAW RAISED AND NECESSARILY RESOLVED BY A PRIOR JUDGMENT.

{¶6} Appellant contends that the state's entire case rested on a complicity theory based on her role as an aider and abetter rather than as a principal offender. Additionally, Appellant argues that R.C. 2923.03 (complicity) does not distinguish between a complicit defendant and a principal offender. Based on this, Appellant urges that the state's refiling of the charges at issue subjects her to double jeopardy.

{¶7} In response, the state argues that double jeopardy does not attach when the jury determines that the defendant was not the principal offender, but does not reach a verdict as to the defendant's complicity. The state cites to *State v. Christian,* 184 Ohio App.3d 1, 2009-Ohio-4811, 919 N.E.2d 271 (7th Dist.) and *Christian v. Wellington,* 739 F.3d 294 (6th Cir.2014) in support of its argument.

{¶8} "The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution protect criminal defendants against multiple prosecutions for the same offense." *State v. Brewer*, 121 Ohio St.3d 202, 2009-Ohio-593, 903 N.E.2d 284, ¶ 14. Appellate courts apply a *de novo* standard when reviewing the denial of a motion to dismiss an indictment on the grounds of double jeopardy. *State v. Anderson,* 148 Ohio St.3d 74, 2016-Ohio-5791, 68 N.E.3d 790, ¶ 20. "The state is entitled to retry a defendant when a trial court has declared a mistrial after the jury failed to reach a verdict." *Anderson, supra,* at ¶ 32, citing *Richardson v. United States*, 468 U.S. 317, 325, 104 S.Ct. 3081, 82 L.Ed.2d 242 (1984); *State v. Lovejoy*, 79 Ohio St.3d 440, 445-446, 683 N.E.2d 1112 (1997).

{¶9} A defendant may be convicted under a complicity theory even where the indictment charges the defendant as a principal offender and does not refer to complicity.

*Christian, supra,* at ¶ 31, citing *State v. Herring*, 94 Ohio St.3d 246, 251, 762 N.E.2d 940 (2002).

**{¶10}** There are two lines of cases presented by the parties. In her brief, Appellant cites to *Ashe v. Swanson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). At oral argument, Appellant focused on *Bravo v. Fernandez,* 137 S.Ct. 352, 196 L.Ed.2d 242 (2016) and *Yeager v. U.S.,* 129 S.Ct. 2360, 557 U.S. 110, 174 L.Ed.2d 78 (2009). In response, the state offers *Christian, supra* and *Wellington, supra.*

**{¶11}** In *Ashe,* the appellant was charged for his role in a robbery committed against several victims at a poker game. The appellant was acquitted based on insufficient evidence that he was one of the band of robbers. The state later filed robbery charges against the appellant regarding a separate victim of the same robbery. The appellant filed a motion to dismiss the charges. The *Ashe* Court explained that the question was not whether the appellant could be tried for separate offenses related to the incident. *Id.* at 446. At issue was a determination whether the appellant could be retried for robbery against a second victim after the jury decided there was insufficient evidence that he was involved in the robbery at all. The *Ashe* Court found that the issue of the perpetrator's identity had been determined in Appellant's favor by the jury, thus the state could not retry the same issue: the appellant's alleged identity as one of the robbers of a different victim in the same robbery. In other words, since the jury found that the appellant was not involved in the robbery in the first victim's case, he cannot later be found to be involved in the very same robbery in the second victim's case.

**{¶12}** In *Yeager,* the appellant faced several insider trading charges. In one trial, he was acquitted after the jury decided there was insufficient evidence presented to show

that he possessed material, nonpublic information. The *Yeager* Court held that the appellant could not be retried later on a different charge involving the same factual issue of whether he possessed material, nonpublic information. *Id.* at 118-119. The *Yeager* Court held that the appellant could not be recharged on the new insider trading charges because the jury had already decided that he did not possess insider information. *Id.* at 120-121.

**{¶13}** In *Bravo,* the United States Supreme Court held that issue preclusion bars retrial only where an issue of law or fact was necessarily resolved in a prior judgment. *Id.* at 357. The Court also clarified that " '[t]he burden is on the defendant to demonstrate that the issue whose relitigation he seeks to foreclose was actually decided' by a prior jury's verdict of acquittal." *Id.* at 359, citing *Schiro v. Farley,* 510 U.S. 222, 233, 114 S.Ct. 783, 127 L.Ed.2d 47 (1994). *Bravo* is factually distinguishable from the instant matter, as it involved an appellant who was convicted of bribery but acquitted of two related offenses. On appeal, the conviction was overturned. The issue facing the Supreme Court was whether the government was barred from retrying the appellant on the vacated bribery charge. The Court held that the government was not barred from retrying the appellant for bribery, but could not introduce evidence of, or retry, the counts for which the appellant was acquitted. *Id.* at 366.

**{¶14}** Importantly, none of these cases address the issue of whether an appellant can be retried under a complicity theory if a jury decides the appellant was not the principal offender. The issue is addressed, however, in cases raised by the state, *Christian* and *Wellington.*

**{¶15}** In *Christian,* the appellant was acquitted of felonious assault. The jury was unable to reach a verdict as to the offense of complicity to commit felonious assault. Accordingly, we held that:

> Since complicity can be charged in terms of the principal offense and since the jury can find a defendant guilty on either theory if it was instructed as such, an acquittal as to being the principal offender but a hung jury on the complicity charge means that, if retrial is otherwise permissible, the state can proceed on the same indictment and reindictment is not necessary.

*Id.* at ¶ 33; R.C. 2923.03(F); *Herring, supra,* at 251.

**{¶16}** In *Wellington*, the Sixth Circuit reviewed the facts of *Christian* under a collateral estoppel theory. The *Wellington* Court rejected an interpretation of *Ashe* (relied on by Appellant) that retrial under a complicity theory after an appellant is acquitted as a principal offender requires relitigation of a factual issue already determined by a jury. The *Wellington* Court emphasized that convicting an appellant of felonious assault involves proof that the person caused or attempted to cause physical harm to another, whereas a complicity conviction requires only proof that the appellant aided and abetted another person who committed the offense. Thus, the jury could find in a new trial that while the state failed to prove an element of an offense as the principal offender, the state did prove all elements of complicity.

**{¶17}** The *Wellington* Court distinguished *Ashe* because *Ashe* involved the state's attempt to retry the same elements of the case, but apply them to separate victims.

Case No. 18 MA 0027

*Wellington* and the instant case involve the issue of whether the state can retry Appellant under a complicity theory when the jury found her not guilty as a principal offender.

**{¶18}** The instant case is analogous to *Christian* and *Wellington.* The state is not attempting to retry an element already decided by the jury. The state is not seeking to prove that Appellant was the perpetrator of the offenses. Instead, it seeks to prove that she aided or abetted another in committing these offenses. Appellant's request for dismissal of the charges relies on the fact that the jury decided Appellant was not the perpetrator, however, this is irrelevant under a complicity theory. No issue preclusion is involved in retrial of this matter. It is possible that Appellant aided or abetted the offender without being present at the time the offenses were committed, and/or without taking direct physical action in their commission. Importantly, the *Christian/Wellington* cases do not conflict with *Ashe* and its progeny. Rather, the two lines of cases co-exist because they involve separate issues.

**{¶19}** Appellant has failed to file transcripts in this matter. Thus, we cannot determine whether the trial court properly instructed the jury on the complicity charges involved in Appellant's mistrial. In the absence of a transcript, we presume there was regularity of the proceedings in the trial court. *State v. Dumas*, 7th Dist. Mahoning No. 06 MA 36, 2008-Ohio-872, ¶ 14, citing *State v. Johnson*, 9th Dist. Lorain No. 02CA008193, 2003-Ohio-6814, ¶ 9.

**{¶20}** As retrial under a complicity theory in this matter on the charges that result in a mistrial does not involve relitigation of a fact or issue of law already determined by a jury, Appellant's sole assignment of error is without merit and is overruled.

<u>Conclusion</u>

<u>Case No. 18 MA 0027</u>

**{¶21}** Appellant argues that the state cannot try her under a complicity theory after the jury found her not guilty as the principal offender. For the reasons provided, Appellant's arguments are without merit and the judgment of the trial court is affirmed.

Donofrio, J., concurs.

Robb, J., concurs.

---

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed. Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

**NOTICE TO COUNSEL**

**This document constitutes a final judgment entry.**