RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 20a0125p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

ROBERT WINBURN,

　　　　　　　　　　*Petitioner-Appellant,*

　　　*v.*

NOAH NAGY, Warden,

　　　　　　　　　　*Respondent-Appellee.*

Nos. 19-2398/2399

Appeal from the United States District Court
for the Eastern District of Michigan at Ann Arbor.
19-2398:　No. 5:19-cv-12226—Judith E. Levy, District Judge;
19-2399:　No. 3:18-cv-13842—Robert H. Cleland, District Judge.

Decided and Filed:　April 23, 2020

Before:　NORRIS, SUTTON, and BUSH, Circuit Judges.

───────────────

## LITIGANT

**ON MOTIONS AND APPLICATIONS FOR A CERTIFICATE OF APPEALABILITY:**
Robert Winburn, Jackson, Michigan, pro se.

───────────────

## ORDER

───────────────

SUTTON, Circuit Judge.　Robert Winburn, a Michigan prisoner, awaits his second trial on charges of armed robbery, home invasion, and conspiracy to commit home invasion. He filed two habeas petitions under 28 U.S.C. § 2241. One seeks to halt his trial. The other seeks to undo a procedural ruling by the Michigan trial judge. The judges denied both petitions and did not issue certificates of appealability. Winburn filed a notice of appeal with respect to one

petition and sought a certificate of appealability for the other. State pretrial detainees proceeding under § 2241, we conclude, may not appeal without certificates of appealability, and we ultimately grant him a certificate on one claim and deny his request for the other.

Winburn represented himself with standby counsel at his first trial. The trial ground to a halt when Winburn began cross-examining his alleged victim about whether the victim had played a role in an unrelated homicide. The judge allowed the prosecutor to inform the jury that the case could not proceed because the victim needed to consult with counsel to protect his right against self-incrimination. Based on Winburn's disruptive behavior at this point, the judge removed him from the courtroom and revoked Winburn's permission to represent himself, appointing his standby counsel to take the wheel. The prosecutor and Winburn's lawyer requested a competency evaluation and a mistrial. The judge granted both requests.

While Winburn awaited his second trial, the judge permitted Winburn's attorney to withdraw because Winburn had sued her, prompting the court to appoint a new attorney. The judge enjoined Winburn from filing complaints or grievances against the new attorney, except a motion to discharge her. While represented by his new attorney, Winburn moved pro se to dismiss his charges on double jeopardy grounds. The trial judge denied the motion because Winburn's attorney had not filed it.

Winburn filed a habeas petition under 28 U.S.C. § 2241 challenging his retrial on double jeopardy grounds and a second § 2241 petition challenging the trial judge's injunction. The district court judges denied both petitions and declined to issue certificates of appealability. Winburn sought to appeal both rulings. We consolidated the appeals.

State prisoners typically seek habeas relief through 28 U.S.C. § 2254. *Rittenberry v. Morgan*, 468 F.3d 331, 336–37 (6th Cir. 2006). But § 2254 applies only to state prisoners who are "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), leaving state pretrial detainees as the rare state prisoners entitled to use § 2241, *Saulsberry v. Lee*, 937 F.3d 644, 647 (6th Cir. 2019).

One complication deserves note. Michigan as it happens revoked Winburn's parole on his previous convictions thanks to the charges pending against him. That means he currently

resides in a state prison, not a county jail like most pretrial detainees, based in part on his previous convictions and in part on the new charges. For today's purposes, we assume that status amounts to pretrial detention arising out of process issued by a state court.

Perhaps because state prisoners proceed under § 2241 infrequently, we have not decided whether a state pretrial detainee must receive a certificate of appealability to appeal a denied § 2241 motion. *See Christian v. Wellington*, 739 F.3d 294, 297 n.5 (6th Cir. 2014). The governing language provides:

> Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from[] the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by the State court.

28 U.S.C. § 2253(c)(1). There are at least two reasons why this provision requires certificates of appealability for state pretrial detainees proceeding under § 2241.

First, the text supports this conclusion. State pretrial detainees, who say that their custody "violat[es] . . . the Constitution or laws or treaties of the United States," § 2241(c)(3), complain about detention under pretrial process issued by the state court trying them. That places them comfortably within the sweep of § 2253(c)(1)(A).

Second, § 2253(c)(1)(A)'s neighboring subsection points in the same direction. It applies to federal prisoners and requires certificates of appealability only for appeals from "a proceeding under section 2255." *Id.* § 2253(c)(1)(B). Congress knew how to exempt § 2241 petitions from the certificate of appealability requirement when it wished, indicating that Congress chose to require certificates of appealability for state but not federal prisoners who invoke § 2241.

For what it's worth, that's a sensible choice given the differences between habeas review for state and federal prisoners. At nearly every point, habeas statutes confine collateral review more tightly for state prisoners than for federal prisoners. To give one example, federal prisoners receive evidentiary hearings on their habeas claims unless existing documentary evidence "conclusively show[s] that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). But federal courts reviewing state prisoners' confinement must defer extensively to state-court factual findings, *id.* § 2254(d)(2), (e)(1), and may hold their own evidentiary hearings only in

rare circumstances, *id.* § 2254(e)(2). That difference (and many others) reflect the federalism interests at stake when federal courts review, and potentially override, state-court criminal proceedings. *See Davila v. Davis*, 137 S. Ct. 2058, 2064, 2070 (2017).

The circuit courts speak as one in their holdings that the language of § 2253(c)(1)(A) requires certificates of appealability for all state-prisoner habeas appeals, whether seeking pretrial relief under § 2241 or post-conviction relief under § 2254. *Hoffler v. Bezio*, 726 F.3d 144, 153 (2d Cir. 2013); *United States v. Cepero*, 224 F.3d 256, 264–65 (3d Cir. 2000); *Stringer v. Williams*, 161 F.3d 259, 261 (5th Cir. 1998); *Evans v. Circuit Court of Cook Cty.*, 569 F.3d 665, 666–67 (7th Cir. 2009); *Wilson v. Belleque*, 554 F.3d 816, 824–25 (9th Cir. 2009); *Montez v. McKinna*, 208 F.3d 862, 866–67 (10th Cir. 2000). The one circuit in doubt did not mention § 2253's language. *Gonzalez v. Justices of Mun. Court of Bos.*, 382 F.3d 1, 12 (1st Cir. 2004).

That leaves the question whether Winburn deserves a certificate of appealability for either petition. We may issue a certificate "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on procedural grounds, the applicant must show that reasonable jurists could disagree about both the procedural ruling and the underlying constitutional claim. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Winburn satisfies this modest test for his first petition—the injunction against filing lawsuits or disciplinary complaints against his lawyer until after his trial. A reasonable jurist could conclude that the trial judge's unusual order was constitutionally infirm. A temporary ban on accessing the courts implicates Winburn's First Amendment right to petition for redress of grievances and his Fourteenth Amendment right to due process. *See Lewis v. Casey*, 518 U.S. 343, 350–51 (1996). As to the procedural ground the district court invoked to dismiss the petition—*Younger* abstention—that doctrine is permissive, not mandatory. *See Fowler v. Benson*, 924 F.3d 247, 255 (6th Cir. 2019); *Aaron v. O'Connor*, 914 F.3d 1010, 1016 (6th Cir. 2019); *Hill v. Snyder*, 878 F.3d 193, 206–07 (6th Cir. 2017). A reasonable jurist could decline to abstain here. The petition, it is true, may suffer from other procedural defects, and the panel may affirm the district court's denial of the petition for any reason. *Schmitt v. LaRose*, 933 F.3d 628,

637 (6th Cir. 2019). But at the certificate of appealability phase, we consider only the procedural ground the district court invoked and the underlying constitutional claim. *Slack*, 529 U.S. at 484.

Winburn's double-jeopardy petition in contrast does not meet the standard for a certificate of appealability. The district court dismissed the petition because Winburn failed to exhaust his state-court remedies. A petitioner exhausts his double-jeopardy claim when he moves to dismiss the charges against him, and, if the state permits interlocutory appeals, pursues his argument through the state's highest court. *Klein v. Leis*, 548 F.3d 425, 430 n.2 (6th Cir. 2008). Winburn did not properly file a motion to dismiss: The trial judge refused to consider his pro se motion because an attorney already represented him. And Michigan permits immediate appeal of denied motions to dismiss in criminal trials, but Winburn has not attempted to appeal the trial judge's rejection of his motion. *See* Mich. Ct. R. 7.105; *People v. Janes*, 836 N.W.2d 883, 885 (Mich. Ct. App. 2013). Reasonable jurists could not disagree that Winburn failed to exhaust his double-jeopardy claim.

In summary, the court **GRANTS** Winburn a certificate of appealability in No. 19-2398, **GRANTS** Winburn's motion to proceed in forma pauperis in No. 19-2398, **DENIES** a certificate of appealability in No. 19-2399, and **DENIES** as moot Winburn's motion to expedite in No. 19-2399.